UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOFRAN SALES, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WATKINS AND SHEPARD TRUCKING, INC., ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> THE PNC FINANCIAL SERVICES ) <br> GROUP, INC., ) <br> ) <br> Trustee Process Defendant. ) <br> ) | Civil Action No. <br> 16-11174-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND TRUSTEE PROCESS ATTACHMENT**

**SAYLOR, J.**

This matter arises out of a contract dispute between a wholesale furniture supplier and a trucking and freight management company. Plaintiff Jofran Sales, Inc., has brought suit against defendant Watkins and Shepard Trucking, Inc. The complaint alleges seven claims, including, among other things, claims for breach of contract, negligence, tortious interference with business relations, and unfair business practices.

On June 21, 2016, Jofran moved for a preliminary injunction to prevent Watkins from transferring or disposing of its assets in the amount of $658,301. It also moved for an order of trustee process in the same amount directed to the assets of Watkins in a bank account with PNC Financial Services Group, Inc. In support of its contention that it will likely succeed on the

merits of its breach of contract claim, Jofran also submitted exhibits attached to the complaint and an affidavit detailing alleged damages. In support of its contention that it will likely suffer irreparable harm in the absence of a preliminary injunction, Jofran contends that "Watkins (a privately held company) has recently been sold to a third party and there is a grave risk that the sale proceeds will be distributed to Watkins' owners or the company will wind down before this litigation concludes." (Pl. Mot. 1). It appears to be undisputed that Watkins was recently sold to Schneider National, Inc., a large national trucking company.

On July 6, 2016, the parties appeared before the Court for a hearing on Jofran's motion. Although Watkins has filed no written opposition, during the hearing it submitted two declarations from officers at Watkins and its acquirer. The declarations in substance state that Watkins was acquired by Schneider through a stock purchase, that it continues to operate as a wholly-owned subsidiary, that it is in no financial danger, and that there is no current risk that Watkins will transfer or otherwise dispose of its assets.

To issue a preliminary injunction under Federal Rule of Civil Procedure 65, a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in his favor, and (4) that a preliminary injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

Here, Watkins has elected at this stage not to submit affidavits disputing Jofran's likelihood of success on the merits. Instead, it contends that Jofran has not met its burden of

2

demonstrating that it will likely suffer irreparable harm absent a preliminary injunction. That contention is essentially correct. Other than suggesting that there is a "grave risk" that the proceeds of Watkins' sale will be distributed to its owners before this litigation concludes, Jofran has presented no facts about the sale that would indicate Watkins is winding down its operations, dissipating its assets, or otherwise unable to satisfy a judgment. Accordingly, Jofran's motion for a preliminary injunction will be denied.

However, under Massachusetts law, the standard for obtaining an order for trustee process is different. The availability of pretrial remedies is governed by "'the law of the state where the court is located.'" *Metropolitan Prop. and Cas. Ins. Co. v. Boston Reg'l Physical Therapy, Inc.*, 550 F. Supp. 2d 199, 201 (D. Mass. 2008) (quoting Fed. R. Civ. P. 64). "In Massachusetts[,] the seizure of property is governed by Mass. Gen. Laws ch. 223 §§ 42-83 (attachment) and ch. 246 (trustee process), which are implemented through Mass. R. Civ. P. 4.1 (attachment) and 4.2 (trustee process)." *Id.* Under Rule 4.2, attachment on trustee process may be entered

> only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.2. Thus, "[t]he central issue to be considered by the court is whether the plaintiff is 'likely to prevail on the merits and obtain damages in the necessary amount.'" *National Ass'n of Gov't Emps., Inc. v. National Emergency Med. Servs. Ass'n, Inc.*, 2013 WL 3563528, at *3 (D. Mass. July 10, 2013) (quoting *Aetna Cas. and Sur. Co. v. Rodco Autobody*, 138 F.R.D. 328, 332 (D. Mass. 1991)). Massachusetts courts have not determined the exact evidentiary standard (for example, clear and convincing evidence or preponderance of the

evidence) needed to determine "likelihood." *See Sheehan v. Netversant-New England, Inc.*, 345 F. Supp. 2d 130, 132 (D. Mass. 2004). Nonetheless, "[a]lthough the exact burden of proof to be met is unclear, certainty of success is not required." *Latorraca v. Centennial Techs. Inc.*, 583 F. Supp. 2d 208, 211 (D. Mass. 2008).

After notice and an opportunity for the parties to be heard, as well as careful consideration of Jofran's motion and the attached exhibits and affidavit, the Court finds that there is a reasonable likelihood based on the current record that Jofran will prevail on its breach of contract claim and recover a judgment in an amount greater than or equal to $658,301. Accordingly, Jofran's motion for an order of trustee process will be granted in the amount of $658,301.

For the foregoing reasons, Jofran's motion for a preliminary injunction and an order of trustee process is hereby GRANTED in part and DENIED in part. Its motion for a preliminary injunction is DENIED. Its motion for a trustee process attachment of all goods, effects, and credits of Watkins in the possession of The PNC Financial Services Group, Inc., is GRANTED in the amount of $658,301, and otherwise DENIED. The clerk shall issue a summons to Jofran to be served on PNC.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: July 7, 2016